ALD-129                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1273
_____

THOMAS SMITH,
                    Appellant

v.

NORTHERN CAMBRIA POLICE; RON SHARKEY; JEFF COPSIE;
JEFF MCAVOY; OFFICER CLARKSON
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:24-cv-00159)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

April 17, 2025

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: May 7, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Thomas Smith, proceeding pro se, appeals the District Court's order dismissing his complaint with prejudice as factually frivolous. We will affirm.

Smith filed a claim pursuant to 42 U.S.C. § 1983 for invasion of privacy against five defendants: the Northern Cambria Police Department, Ron Sharkey, Jeff Copsie, Jeff McAvoy, and Officer Clarkson. In his complaint, Smith alleged, "they have things hooked up to me. And are still monitoring me even though the investigation is over." Smith did not provide any additional information. He requested injunctive relief and $50,000 in damages from each defendant. The District Court referred the complaint to a United States Magistrate Judge, who screened it pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge then issued a report recommending the District Court dismiss the complaint with prejudice, explaining that this is Smith's seventeenth complaint alleging different variations of the same story: law enforcement officers are placing implants in his body to monitor and harass him. The District Court overruled Smith's objections[1] and adopted the Magistrate Judge's report in its entirety, dismissing Smith's complaint as factually frivolous.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order dismissing Smith's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). As Smith is proceeding pro se, we construe his complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Summary action is

---

[1] Smith's correspondence to the Court, wherein he reiterated the same factual scenario, was treated as an objection to the Magistrate Judge's report.

appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4.

Because Smith had been granted in forma pauperis status, the Magistrate Judge properly reviewed his complaint for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B)(i) provides a court with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Nietzke v. Williams, 490 U.S. 319, 327 (1989); see also Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Having reviewed Smith's complaint, we agree with the District Court's conclusion that his allegations are factually baseless and frivolous. Smith has not provided any argument in support of his appeal to warrant a contrary conclusion. Given the nature of Smith's filings in the District Court, we also conclude that providing leave to amend the complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, because this appeal presents no substantial question, we will summarily affirm.